**No. 26692**

**The People of the State of Colorado v. Lucy Parada**
(533 P.2d 1121)

Decided April 14, 1975.

Robert L. Russel, District Attorney, David H. Zook, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Barney Iuppa, Jr., Deputy, for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an interlocutory appeal in which the El Paso County District Attorney seeks a reversal of the District Court order suppressing certain statements made by the defendant Lucy Parada.

On July 30, 1974, the defendant, Lucy Parada, was questioned by two investigators from the district attorney's office at the Department of Social Services in Colorado Springs. After the investigators informed her of her *Miranda* rights, they advised her that she was being investigated for welfare fraud. She signed a waiver of her right to remain silent and responded to the subsequent questioning. However, in the course of the questioning, and while the defendant was visibly upset, one of the investigators told her that "we are here this morning to try and determine whether you have in fact been employed or not. We are not here necessarily to try and get you in trouble. We are here to straighten out if you have in fact been employed." Thereafter, the defendant made an inculpatory statement that she now contends the trial court properly suppressed.

In its findings and conclusions, the trial court stated that the *Miranda* warnings were required, were properly given, and were understood by the defendant. However, the court further found that the investigator's subsequent statement amounted to a promise "that the *Miranda* warning would not be fully effected, in that the statement she made could be used against her in a prosecution." Thus the court found that the investigator's statement tended to "dilute and mitigate the *Miranda* warning."

The People contend that because the interrogation of the defendant was not a custodial interrogation *Miranda* warnings were not required, and the statement made by the investigator was therefore innocuous. The defendant maintains that whether the warnings were required is irrelevant because the trial court made a finding that the investigator had impliedly promised that her statement would not be used against her. She contends that, since the trial court found that the statement was elicited by an implied promise, it cannot be voluntary under *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747. We agree with

the People that *Miranda* warnings were not required in this case. However, since the trial court made a finding that the statement was induced by a promise not to use it against her, and since there is evidence in the record upon which the trial court could base such a finding, we must affirm the decision of the trial court.

I.

In *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the Supreme Court articulated a series of warnings to be given to protect a suspect's fifth amendment rights in the inherently coercive atmosphere of a custodial interrogation. Therefore, whether *Miranda* warnings are required in a particular situation depends on a threshhold determination that the interrogation is ''custodial.'' While ''custodial'' does not necessarily refer to a police station interrogation, *Orozco v. Texas,* 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311, it does require that the interrogation be conducted under circumstances where a person ''has been taken into custody or otherwise deprived of his freedom of action in any significant way.'' *Miranda v. Arizona,* 384 U.S. at 444, 86 S.Ct. at 1612, 16 L.Ed.2d at 706. Thus, the thrust of *Miranda* substituted the ''custodial interrogation'' requirement for the ''focus of the investigation'' test which had earlier been enunciated in *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. *See Iverson v. State of North Dakota,* 480 F.2d 414 (8th Cir. 1973); *United States v. Sicilia,* 475 F.2d 308 (7th Cir. 1973); *United States v. Hall,* 421 F.2d 540 (2d Cir. 1969); *Lowe v. United States,* 407 F.2d 1391 (9th Cir. 1969); *State v. Bainch,* 109 Ariz. 77, 505 P.2d 248.

Since neither party asserts that Parada was ''taken into custody'' at the time of the questioning, the question before this Court is whether she was ''deprived of (her) freedom of action in any significant way.'' Resolution of this question turns on whether she reasonably believed that she was not free to leave. *United States v. Hall, supra. People v. Hazel,* 252 Cal.App.2d 412, 60 Cal. Rptr. 437; *People v. Rodney P.,* 21 N.Y.2d 1, 286 N.Y.S.2d 225, 233 N.E.2d 255. For a full and comprehensive treatment of this subject, see Annot., 31 A.L.R. 3d 565. In *Hall,* Judge Friendly, writing for the court, explained this test. He stated:

''[I]n the absence of actual arrest, something must be said or

done by the authorities either in their manner of approach or in the tone or extent of their questioning, which indicates that they would not have heeded a request to depart or to allow the suspect to do so. 421 F.2d at 545.''

■ The trial court assumed that *Miranda* warnings were required and made no finding as to whether the defendant was in a custodial situation. However, perusal of the record reveals that the only finding which could have been made by the trial court is that the defendant was not in a custodial situation. She came to the investigator's office voluntarily in response to a letter requesting her to do so. She testified that she did not feel that she had to go, nor did she feel that she had to stay once she was there. She testified that if she wanted to leave during the questioning she could have done so and she did not feel that when she was finished talking to the investigators that she would be put in jail. In fact, at the conclusion of the questioning which lasted approximately one-half hour, she did leave the office. These facts are uncontradicted, and most of them come from the defendant's own testimony. Therefore, we find, as a matter of law, that the questioning of Lucy Parada was not a custodial interrogation, subject to the rule in *Miranda*.

## II.

■ Nevertheless, regardless of whether the warnings were required, for the defendant's statement to be admissible, it must be voluntary. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. It "must not be extracted by any sort of threats or violence, *nor obtained by any direct or implied promises, however slight,* nor by the exertion of any improper influence." *Brady v. United States,* 397 U.S. 742, 753, 90 S.Ct. 1463, 1471-72, 25 L.Ed.2d 747. (Emphasis added).

■ The trial court's finding, although somewhat obscure, that a promise was made to the defendant, cannot be disturbed on appeal if it is supported by adequate evidence in the record. *People v. Pineda,* 182 Colo. 385, 513 P.2d 452. While the trial judge erroneously concluded that the statement of the investigator diluted the *Miranda* warnings, he had the right to conclude from the evidence that there was a promise and that this rendered the defendant's statement involuntary.

■ Since we find that there is adequate evidence in the record

in support of the trial court's finding of a promise, and since such finding makes the defendant's statement inadmissible under *Brady,* the ruling of the trial court suppressing defendant's statement is affirmed.