MR. JUSTICE DAY
delivered the opinion of the Court.
Defendant Lou Ann Coghlan is awaiting trial on two counts of second-degree burglary of a dwelling [1] and two counts of theft.[2]
The People filed this interlocutory appeal from an order of the district court granting the defendant’s motion to suppress seized evidence and her incriminating statements. We affirm the order.
The two police officers who searched defendant’s apartment and obtained a statement from her were the only ones to testify at the hearing on the motion to suppress. On what the court described as a “frank and candid” recital of their conduct, the officers told the trial court about obtaining evidence in a search of the apartment and securing a statement partially dictated by them.
The trial court found that the officers from independent investigation had enough evidence to consider defendant as a prime suspect and had probable cause to believe she had committed several burglaries in the apartment building where she lived. But they did not obtain a search warrant. The officers testified defendant had been the victim of a break-in and sexual assault and one of their officers — a policewoman — had interviewed defendant concerning that attack. Thus, the officers said they gained admittance on the pretext that they desired to consult defendant further about the unsolved crime against her person. After discussing defendant’s case with her and without giving her any Miranda warnings the officers began what has been described as an “accusatory interrogation.” When she became upset they assured her she would not be taken to jail. The officer said to the court: “I told her I wouldn’t that day and I didn’t take her to jail and she hasn’t been in jail to this day.”
Both sides have extensively briefed issues under the doctrine of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, we, do not reach Miranda questions because this is a case in which the trial court made specific findings that under the totality of the circumstances the defendant’s actions and admissions were induced by psychological coercion and a promise made to her by the police. The court concluded that consent to the search was not freely and voluntarily given and that the statement also was not voluntary. In such cases the appellate procedure impels that we uphold the trier of the facts if there is competent evidence to support the ruling. The record does so support it. People v. Parada, 188 Colo. 230, 533 P.2d 1121 (1975).
The. ruling is affirmed.

 1971 Perm. Supp., C.R.S. 1963, 40-4-203; now section 18-4-203, C.R.S. 1973.

 1971 Perm. Supp., C.R.S. 1963, 40-4-401; now section 18-4-401, C.R.S. 1973.