## No. C-1522

### Joseph D. Yescas, a/k/a Gilbert J. Molina
### v. The People of the State of Colorado

(593 P.2d 358)

Decided April 16, 1979.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Paula K. Miller, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Linda Palmieri Rigsby, Assistant, John Daniel Dailey, Assistant, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Joseph D. Yescas, the petitioner, was convicted after a trial to the court of first-degree sexual assault, section 18-3-402, C.R.S. 1973 (1978 Repl. Vol. 8), and second-degree kidnapping, section 18-3-302, C.R.S. 1973 (1978 Repl. Vol. 8). Concurrent sentences to the Colorado State Penitentiary were imposed on the defendant. The validity of the petitioner's conviction for first-degree sexual assault has not been questioned on appeal. The petitioner appealed his conviction for second-degree kidnapping to the court of appeals. *People v. Yescas* (Court of Appeals No. 76-428, February 2, 1978) (not selected for official publication). The court of appeals affirmed. We granted certiorari and now affirm.

At approximately 7:30 p.m. on August 9, 1975, the petitioner approached a ten-year-old girl as she was leaving a Dairy Queen and asked for directions to a building on the University of Northern Colorado campus. She accommodated the petitioner by taking him to the building. After a short conversation, the petitioner grabbed the girl, covered her mouth with his hand, and carried her from the lighted steps of the building to an unlighted area behind a hedge and some trees.

At the time the assault allegedly occurred, darkness was setting in and lights illuminated the stairs of the building. The area behind the hedge and trees provided the cover of darkness and was characterized by the trial court as a "concealed location."

The petitioner moved or carried the girl approximately twenty feet from the steps of the building to reach the area where the assault occurred. When the petitioner got the girl behind the hedge, he removed her clothes, gagged her with the clothes, tied her hands behind her back, and raped her. He then struck the girl in the face and left her behind the hedge.

The petitioner's sole contention on appeal is that his act of carrying the victim twenty feet from the lighted stairway to the area behind the partially lit hedges alongside the building did not constitute the crime of second-degree kidnapping.

Section 18-3-302, C.R.S. 1973 (Repl. Vol. 8), provides, in pertinent part:

"*Second degree kidnapping.* (1) Any person who knowingly, forcibly, or otherwise seizes and carries any person from one place to another, without his consent and without lawful justification, commits second degree kidnapping."

The petitioner concedes that, if section 18-3-302 is given a literal interpretation, his conviction for second-degree kidnapping must stand. However, he contends that his asportation of the victim constituted an insubstantial movement, incidental to the commission of the sexual assault, and did not substantially increase the risk of harm to the victim beyond that risk of harm necessarily attendant to a sexual assault. *See People v. Daniels,* 71 Cal.2d 1119, 459 P.2d 225, 80 Cal. Rptr. 897 (1969); *People v. Levy,* 15 N.Y.2d 159, 204 N.E.2d 842 (1965).

■ The petitioner urges us to put a judicial gloss on section 18-3-302, similar to that applied by the California and New York courts in the *Daniels* and *Levy* cases. The attempts by the courts of those states to define what is a "substantial" or an "incidental" movement have caused confusion and have created difficult factual issues. *See People v. Stender,* 47 Cal.App. 3d 413, 121 Cal. Rptr. 334 (1975). However, we need not enter this judicial thicket. The petitioner's asportation or forceful movement of the victim from the relatively public and illuminated steps of the university building to the dim and concealed privacy afforded by the hedges and trees alongside it, coupled with his subsequent actions, substantially increased the risk of harm to the victim. Accordingly, the petitioner's acts support his conviction for both first-degree sexual assault and also for the separate crime of second-degree kidnapping. *People v. Cardwell,* 181 Colo. 421, 510 P.2d 317 (1973).

■ The nature of the crime of kidnapping generally entails an effort to seek seclusion. It is to be expected that the victim of a crime of violence will be forced to move "from one place to another." "Most kidnappings are incidental to some other offense." *People v. Cardwell, supra,* at 427. But it does not follow from these premises that one who, in the commission of a crime, causes his victim to move from a well-lighted public place to a place of relative concealment, and in so doing substantially increases the risk of harm to his victim, is immune from prosecution under section 18-3-302, C.R.S. 1973 (1978 Repl. Vol. 8). *People v. Cardwell, supra.*

The petitioner poses several hypothetical fact situations which might arise from a literal interpretation of section 18-3-302, but the facts before us are not hypothetical and are within the clearly prescribed conduct which the General Assembly prohibited. *But see, e.g., People v. Knowles,* 35 Cal.2d 175, 217 P.2d 1 (1950, *cert. denied sub nom. Knowles v. People,* 340 U.S. 879, 71 S.Ct. 117, 95 L.Ed. 639 (1950); *People v. Wein,* 50 Cal.2d 383, 362 P.2d 457 (1958), *cert. denied sub nom. Wein v. California,* 358 U.S. 806, 79 S.Ct. 98, 3 L.Ed.2d 99 (1958); *see also,* Comment, *Room-to-Room Movement: A Risk*

*Rationale of Aggravated Kidnapping,* 11 *Stan. L. Rev.* 554 (1959); Note, *A Rationale of the Law of Kidnapping,* 53 *Colum. L. Rev.* 540 (1953). The simple answer to petitioner's contention is that the facts in this case do not square with the hypothetical fact situations which he has set forth in his brief.

Petitioner's asportation of the victim to the seclusion of the hedge and trees substantially increased the risk of harm to the victim. This is demonstrated by the fact that the petitioner moved her to a place of relative seclusion and there, in a leisurely manner, disrobed the girl, removed his own clothes, and carried out the intended sexual assault and then struck the girl in the face. The petitioner's actions substantially invaded the interests which section 18-3-302, C.R.S. 1973 (1978 Repl. Vol. 8) was designed to protect, and his conviction for second-degree kidnapping was proper. *People v. Cardwell, supra,* at 427.

Accordingly, we affirm.

MR. JUSTICE CARRIGAN dissents.