## No. 28386

### The People of the State of Colorado v. Floyd Gutierrez

(596 P.2d 759)

Decided June 25, 1979.

Carrol E. Multz, District Attorney, David B. Beck, deputy, for plaintiff-appellant.

Dennis G. Bonner, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Floyd Gutierrez, is charged with four counts of felony menacing, section 18-3-206, C.R.S. 1973 (1978 Repl. Colo. 8). The district attorney brought this interlocutory appeal, seeking review of an adverse ruling by the trial court. The trial court suppressed inculpatory statements made by the defendant on the ground that they were obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We remanded to the district court for findings of fact. The district court's findings cause us to affirm.

On May 20, 1978, Officer Forgay of the Craig, Colorado, police department, saw a white sedan driving from an alley at a high rate of speed. Moments later, a green pickup truck emerged from the same alleyway and followed the white sedan. Forgay stopped the green pickup truck.

Immediately after the truck was stopped, the defendant, who was the driver of the truck, motioned Forgay toward the pickup and informed him that he was chasing the white sedan, because four men in the car had broken the windshield of his truck. Forgay took the defendant's driver's license and ordered him to stand by the patrol car.

Forgay then got into the patrol car. While he was seated in the car, he received a radio transmission from other police officers who stated that they were investigating a complaint by four persons that there had been a shooting incident. Forgay then asked defendant if he was "aware of any shooting in connection with the incident." The defendant answered that he fired two shots at the four persons who broke his windshield. He was then taken to the police station. He was not given the warnings required by *Miranda v. Arizona, supra,* until he arrived at the police station. He refused to make any statement after being advised of his rights.

At the suppression hearing, defendant repeatedly asserted that, because his driver's license had been taken by Forgay, and because he had been ordered to stand by the patrol car, he believed that he was not free to leave the officer's presence and, in fact, was under arrest. The trial court found that the defendant was in custody.

The trial court's finding was supported by the record. As such, he was in custody, and Officer Forgay's questioning falls squarely within the reach of *Miranda v. Arizona, supra. See People v. Algien,* 180 Colo. 1, 501 P.2d 468 (1972).

"[W]hen an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the privilege against self-incrimination is jeopardized." *Miranda v. Arizona, supra.*

"[I]n making this determination the objective test should be applied, that is, whether under the circumstances a reasonable man would believe himself to be deprived of his freedom in any significant way." *People v. Algien, supra.*

We have also stated that "resolution of this question turns on whether [the defendant] reasonably believed that [he] was not free to leave" the presence of the authorities. *People v. Parada,* 188 Colo. 230, 533 P.2d 1121 (1975). The defendant's driver's license was taken by Officer Forgay, and he was instructed to remain in a particular place, each, in itself, a significant deprivation of his liberty. The trial court found that the defendant reasonably believed that, under the circumstances, he was not free to leave if he wished. As such, Forgay's questioning of defendant was "custodial interrogation" for purposes of *Miranda v. Arizona, supra,* and in the absence of prior *Miranda* warnings, defendant's answer to Forgay's question was properly suppressed.

Accordingly, the ruling of the trial court on the motion to suppress is affirmed.