JUSTICE DUBOFSKY
delivered the opinion of the Court.
The People bring this interlocutory appeal to challenge the trial court’s order suppressing as involuntary the confession made by the defendant Joseph Larry Quintana. We affirm the suppression order.
Defendant was one of three persons accused of burglarizing a mountain home on Forbes Trinchera Ranch in Costilla County. In response to a burglar alarm, the deputy sheriff and the manager of the ranch positioned their four-wheel drive vehicle across a snow-covered road leading from the home. A pickup truck, allegedly driven by defendant’s uncle, swung around the roadblock and someone in the truck exchanged gunfire with the deputy sheriff, who was slightly injured. The occupants in the pickup truck escaped down the road.
The defendant, the first of the alleged burglars to be found, was arrested without a warrant[1] at his home one week later. He was held in jail overnight and responded to questions asked of him by the sheriff and undersheriff the next afternoon. His confession obtained after questioning is the subject of the suppression order at issue here.
*463 Testimony conflicted as to how many times the defendant received the Fifth Amendment warnings against self-incrimination required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). It was clear he was advised of his rights when brought to the jail on the evening of his arrest, November 24, 1978.
The next morning, the sheriff, an acquaintance of the defendant, visited him in jail. When requested by the sheriff to make a statement, the defendant refused, asking instead to see his wife. His wife later came to the sheriffs office where she was shown evidence in the case and told the defendant might be released if he made a statement. The defendant’s wife and baby were at home without firewood, and the sheriff and undersheriff encouraged her to persuade the defendant “to tell the truth” because it would be easier on his family and on him if he did.
The defendant then was brought to the sheriffs office, and after a conversation involving the sheriff, the undersheriff, the defendant and his wife, the defendant and his wife talked alone. After she left the office, he made inculpatory statements, first to the sheriff, and then to the sheriff and his deputy.
Implied promises recurred throughout the conversations prior to the time the defendant made his statement. They included the following: if the defendant cooperated the sheriff would do what he could to see that (he defendant was not unjustly accused of offenses he did not personally commit, although the final decision would be with the District Attorney and the court; if the defendant would talk with the sheriff and the undersheriff he might get probation since he had a clean record, and he might be released from custody that day;[2] if he talked, the sheriff would talk to the defendant’s employer, the manager of the Forbes Trinchera Ranch, about re-hiring him;[3] and, if the defendant waited to talk until Monday, November 27th, he would have to “face the music” with the rest of the defendants.
All of the questioning took place on Saturday, November 25th, and no attorneys were available. There are no attorneys in Costilla County, and the undersheriff would not allow the defendant to make a long distance phone call from the jail.
The court reviewed the totality of the circumstances involved in the questioning, and concluded that the promise to talk to the defendant’s employer if the defendant would make a statement, in conjunction with the other inducements and implied promises, required suppression of the statements.
*464 For the defendant’s confessions to be admissible, they must be voluntary. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). His statements must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); People v. Parada, 188 Colo. 230, 533 P.2d 1121 (1975).
Miranda warnings, designed to assure that a statement is voluntary, will not necessarily dispel the taint of illegality. Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); People v. Corbett, 190 Colo. 388, 547 P.2d 1264 (1976); People v. Medina, 180 Colo. 56, 501 P.2d 1332 (1972). Circumstances surrounding the confession, including official misconduct, are properly considered by the trial court in determining whether the confession which follows a Miranda warning if voluntary. People v. Corbett, supra.
After hearing all of the evidence, the trial court concluded, based upon the totality of the circumstances, that the defendant’s confessions were not voluntary and ordered that his statements be suppressed. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Duncan v. People, 178 Colo. 314, 497 P.2d 1029 (1972).
A trial court’s findings of fact on the voluntariness of confessions will be upheld by this court on review if supported by adequate evidence in the record. People v. Pineda, 182 Colo. 385, 513 P.2d 452 (1973); People v. Medina, supra; People v. Parks, 195 Colo. 344, 579 P.2d 76 (1978).
Here the trial court found there was sufficient inducement to make the defendant’s statements involuntary. That finding is supported by the record.
Ruling affirmed.

 The trial court upheld the warrantless arrest of the defendant. The validity of the arrest is not properly before this Court because the defendant first challenged it in his reply brief.

 The defendant was released on personal recognizance after his statements.

 The sheriff, after the defendant’s confession, did talk to the ranch manager about re-hiring the defendant.