**No. 79SA137**

**The People of the State of Colorado v. Lance Julius Sheldon**

(602 P.2d 869)

Decided November 19, 1979.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, David Schwartz, Assistant Attorney General, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Ilene P. Buchalter, Deputy, for defendant-appellant.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

The defendant appeals his conviction for felony child abuse. Sections 18-6-401(1)(c) and (7), C.R.S. 1973, (1978 Repl. Vol. 8). The issues on appeal involve the propriety of jury instructions and the sufficiency of the evidence. We reverse the conviction.

The defendant was charged following an incident in which he had placed his infant child into a bathtub containing hot water. This was done because the child had soiled her pants and the father had been attempting to toilet train her. The child received medical treatment for the resulting minor burns and blistering, and these burn marks were practically gone by the time of trial.

The crucial issue before us involves the trial court's instruction to the jury regarding "serious bodily injury": the element which elevates the child abuse from a misdemeanor to a felony. In section 18-1-901(3)(p), C.R.S. 1973 (now in 1978 Repl. Vol. 8), serious bodily injury is defined as:

"bodily injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body."

The trial court instructed the jury by reading this definition but then added:

"In determining whether the alleged victim suffered serious bodily injury you are instructed that the quantum of risk involved is to be determined as of the time of the act, not at some point later in time. You must look to the moment of the alleged act or acts to determine the amount of risk the alleged victim was subjected to."

This instruction preceded the prosecutor's closing argument wherein he told the jury:

"Serious bodily injury involves a substantial risk of one, death, or serious permanent disfigurement or protracted loss. A risk of. Read that in conjunction with [the above-quoted instruction] in determining the quantum of risk involved. . . . Essentially this means that if someone receives an injury that has a risk of death, not just risk of death, excuse me, a risk, a substantial risk of death or subtantial risk of serious . . ."[1]

The instruction, when taken in conjunction with the above statement, would indicate to the jury that substantial risk applies not only to death but also to permanent disfigurement and protracted loss or impairment. This is an erroneous interpretation of the statute.

Whenever a court construes a statute, there are certain rules which must be followed. In cases involving criminal statutes, as here, we must strictly construe the statute in the light most most favorable to the accused. *People v. Cornelison,* 192 Colo. 337, 559 P.2d 1102 (1977). In applying this rule we find that the term "substantial risk" applies only to death and not to the succeeding terms.

Such an interpretation is supported by the rules of grammatical construction. In the definition of serious bodily injury, the term "involves" is the verb which has the direct objects: risk, disfigurement, loss, and impairment. "Of death," on the other hand, is a prepositional phrase modifying the direct object "risk," with "substantial" an adjective to "risk."

Therefore, the trial court erred in giving the above-quoted instruction to the jury. Based upon the evidence presented in the case, it cannot be said that the error was harmless. In fact, the evidence was clearly insufficient as a matter of law to support the felony child abuse charge under the proper statutory construction. A complete review of the record reveals that the prosecutor failed to prove that the injury to the child involved either serious permanent disfigurement or protracted loss or

---

[1] Defense counsel at this point challenged this interpretation of serious bodily injury. The objection was overruled.

impairment of a body function.[2]  The evidence merely established, at best, that the child did suffer injury.

Appellant's final argument for reversal involves the trial court's failure to define for the jury the statutory term "without justifiable excuse" as required by *People v. Hoehl,* 193 Colo. 557, 568 P.2d 484 (1977). If the defendant is retried on the misdemeanor charge, the trial court should include in its instructions to the jury the definition of "without justifiable excuse" as set out in *Hoehl, supra.*

Judgment reversed.

---

[2] The People have never claimed, nor is there evidence to support an allegation that the injuries to the child created a substantial risk of death.