The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Peter John AMATO and Richard Dale
West, Jr., Defendants-Appellants.

No. 79CA0549.

Colorado Court of Appeals,
Div. I.

June 4, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Lynne Ford, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Edward M. Yaklich, Pueblo, for defendants-appellants.

COYTE, Judge.

Defendants, Peter John Amato and Richard Dale West, Jr., appeal the judgments of the trial court entered upon jury verdicts convicting them of theft. We affirm.

After the theft of several items, including specialty guns, from a gun shop had been reported to the sheriff, Haskins, a friend of defendants' family who had designed the guns and who served on Board of the gun shop, went to defendants' residence to determine if they had the guns. He told defendants that if they would return the guns he would not prosecute. Defendants admitted taking the guns and returned them to Haskins who notified the sheriff that the guns had been returned and that defendants had been promised that there would be no prosecution. Defendants were subsequently arrested, advised of their rights, and during questioning at the Pueblo County Jail, they admitted to sheriff's officers that they had taken the guns.

The sole issue on appeal is whether the promise of immunity from prosecution made by the apparent owner of the property taken during the theft requires the exclusion of the admissions and physical evidence procured from defendants in reliance on that promise. Defendants contend that the promise rendered their confessions and acts of surrendering the stolen property involuntary and impermissibly tainted the subsequent admissions to the sheriff's officers. We disagree.

■ To be admissible for any purpose, confessions, admissions and statements given by a defendant must be voluntary. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *People v. Quintana*, 198 Colo. 461, 601 P.2d 350 (1979); *People v. Salazar*, Colo.App., 610 P.2d 1354 (1980). And this rule holds whether the statements were made to a police officer or a private citizen. *People in Int. of R.G.*, Colo.App., 630 P.2d 89 (1981).

The question of voluntariness is decided on a case-by-case basis. *Jordan v. People*,

161 Colo. 54, 419 P.2d 656 (1966). Generally, for confessions induced by the promises of private parties to be involuntary, they must be made by one with apparent power to perform the promise, such as the prosecuting attorney or one representing him. 3 *C. Torcia, Wharton's Criminal Evidence* § 681 (13th ed. 1973).

■ Here, Haskins was not representing the prosecutor when he visited the defendants in their home. And, there is nothing in the record regarding his conduct or the defendant's home environment or the relationship between Haskins and the defendants to suggest that his promise not to prosecute defendants had a coercive impact on defendants.

After a suppression hearing, the trial court found that the defendants' statements were voluntarily, intelligently, and knowingly given. These findings are supported by evidence in the record and will not be disturbed in review. *People v. Pineda*, 182 Colo. 385, 513 P.2d 452 (1973). Hence, the trial court's admission of the statements into evidence was not error.

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.