The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Randall Edward REX, Defendant-Appellant.

No. 79CA0673.

Colorado Court of Appeals, Div. III.

June 11, 1981.

Rehearing Denied July 16, 1981.

Certiorari Denied Nov. 23, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Inman & Flynn P. C., H. Christopher Clark, Robert D. Inman, Denver, for defendant-appellant.

KELLY, Judge.

The defendant appeals his conviction of second degree kidnapping. He contends, among other things, that the trial court erred in admitting defendant's confession, in denying his motion for judgment of acquittal, and in admitting the testimony of the extrajudicial identification of the defendant by the victim. Finding error in the admission of defendant's confession, we reverse.

## I.

Defendant argues that certain statements made by him should not have been admitted because, among other reasons, they were not given voluntarily. We agree.

A defendant's statements must be voluntary in order to be admissible. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Statements are not voluntary if they are "extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exercise of any improper influence." *People v. Parada*, 188 Colo. 230, 533 P.2d 1121 (1975) quoting *Brady v. U. S.*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Circumstances surrounding the confession, including official misconduct, are properly considered in determining whether a confession which follows a *Miranda* warning is voluntary. *People v. Quintana*, 198 Colo. 461, 601 P.2d 350 (1979).

Here, approximately one week after the victim was abducted, the defendant was taken to a hospital following a suicide attempt. The police investigating the incident were called to the hospital because the defendant resembled a composite drawing based on the victim's description of the assailant. While in the emergency room, the defendant requested to see a minister. One of the police officers, who was also a minister, responded to defendant's request by identifying himself as both a minister and a police officer. The police officer then spent several hours with defendant, although he did not attempt to question the defendant about the incident.

Thereafter, the defendant was taken to another hospital where he was held on a seventy-two hour mental health hold. The next day, the defendant, after being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was questioned by the same police officer.

The defendant, having trouble remembering recent events, was disoriented; he did not know what day or month it was or where he was. He responded to the advisement by asking if he was charged with an offense. The police told him that he was not charged and that the primary concern of the officers was to help him. Thereupon, he made the statements which he seeks to suppress.

The totality of these circumstances shows that the police took advantage of the defendant's confused mental state and deceived him into believing that he was not a suspect in a crime. Hence, the defendant's statements were, as a matter of law, involuntary and therefore inadmissible. *See McCall v. People*, Colo., 623 P.2d 397 (1981).

## II.

The defendant argues that the trial court erred in denying his motion for judgment of acquittal. He contends that the People failed to prove the lack of lawful justification, an essential element of the crime. While we agree with defendant that lack of lawful justification is an element of the offense, *see People v. Cardwell*, 181 Colo. 421, 510 P.2d 317 (1973), we conclude that the evidence concerning the abduction of this seven-year-old girl was sufficient to warrant the inference that defendant's actions were without justification.

The applicable statute states:

"Any person who knowingly, forcibly, or otherwise seizes and carries any person from one place to another, without his consent and without lawful justification, commits second degree kidnapping." Section 18–3–302(1), C.R.S.1973 (1978 Repl.Vol. 8).

The People argue that justification is an affirmative defense under §§ 18–1–701 to 18–1–710, C.R.S.1973 (1978 Repl.Vol. 8). To adopt this interpretation would be to ignore the phrase "without lawful justification." It must be presumed that the entire statute was intended to be effective. Section 2–4–201, C.R.S.1973 (1980 Repl.Vol. 1B). Moreover, we must strictly construe the statute in the light most favorable to the accused. *People v. Sheldon*, 198 Colo. 519, 602 P.2d 869 (1979).

## III.

The defendant also contends that the court erred in allowing testimony of the victim's out-of-court identification of him because it was the result of undue suggestion by the victim's mother. We disagree.

The victim was unable to identify the defendant at a lineup or to pick out defendant's picture from a photographic display. Because her daughter was upset after the lineup, the victim's mother asked her why she did not think any of the men were the assailant. She answered that her assailant's hair was different. The mother asked her to pretend the men in the lineup were wearing hats. The victim then identified the defendant.

Looking to the totality of the circumstances surrounding the identification, we

agree with the People that this procedure was not overly suggestive nor was it "conducive to irreparable mistaken identity." *Constantine v. People*, 178 Colo. 16, 495 P.2d 208 (1972). The mother's suggestion was merely a device to help a young child focus on the facial features of the lineup participants.

We have considered defendant's other assertions of error and find them to be without merit.

Accordingly, the judgment of conviction is reversed and the cause is remanded to the district court with directions to grant defendant a new trial.

BERMAN and KIRSHBAUM, JJ., concur.