The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Frank Peter UNREIN, Jr.,
Defendant-Appellant.

No. 82CA1121.

Colorado Court of Appeals,
Div. I.

Oct. 20, 1983.

As Modified on Denial of Rehearing
Dec. 8, 1983.

Certiorari Denied March 5, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sp. Asst. Atty. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

C.J. Berardini, P.C., C.J. Berardini, Brian J. Berardini, Denver, George Fischer, Brighton, for defendant-appellant.

METZGER, Judge.

Defendant, Frank Peter Unrein, Jr., seeks reversal of his convictions for second degree murder, § 18–3–103, C.R.S.1973 (1982 Cum.Supp.), second degree kidnapping, § 18–3–302(1), C.R.S.1973 (1982 Cum. Supp.), and criminal menacing, § 18–3–206, C.R.S.1973 (1982 Cum.Supp.). We affirm.

The facts are as follows. Defendant and his wife, Alta Unrein, separated in late 1981 after a brief but stormy marriage. On January 5, 1982, defendant asked Alta to lunch, but during the meal an argument between them ensued, and Alta left the restaurant without eating.

That evening Alta called her home from work and found that her boyfriend was at her house with the flu. She told him to go to bed instead of going out in the cold.

When she arrived home from work about 11:30 p.m., defendant pulled his car behind hers in the driveway and said he was "going in." He grabbed her, put a gun to her head, shoved her into the house and through the house to their bedroom. When he let go of her to turn on the light, she saw her boyfriend, the victim sitting on the side of the bed; then she fled and hid. After a few minutes, she heard a gunshot. The victim died four days later of a gunshot wound to the head, fired at a distance of three to six inches. He had also been severely beaten about the head and upper body.

Defendant was charged with murder in the first degree, and with kidnapping and menacing Alta.

## I.

■ Defendant first contends that the trial court erred in not admitting a tape recording of his phone call to the police minutes after the incident, in which he stated that the shooting was accidental. Defendant offered this evidence for the limited purpose of establishing that the phone call had been made. However, that fact had been adduced in the prosecution's case-in-chief, and was uncontradicted. Defendant's evidence, therefore, was cumulative. The admission or rejection of cumulative evidence is within the trial court's discretion and its ruling will not be overturned by this court unless an abuse of discretion clearly appears. CRE 403; *People v. Sexton*, 192 Colo. 81, 555 P.2d 1151 (1976). Here, the trial court properly exercised its discretion.

## II.

■ Defendant next asserts that the trial court erred in denying his pre-trial motion to sever the first degree murder count from the counts of kidnapping and assault. That motion alleged prejudice to him, pursuant to Crim.P. 14, since defendant's wife, victim of the kidnapping and assault, would be allowed to testify to statements he made to her at lunch the day of the incident which could be construed as constituting a motive for the charge of first degree murder.

It has long been the case that one spouse may not testify against the other except for situations involving "A crime committed by one against the other." Section § 13–90–107(1)(a), C.R.S.1973. Here, the trial court allowed the testimony of the lunchtime conversation as evidence of defendant's motive for the kidnapping and murder which occurred several hours later. In our view, the trial court did not err in its ruling, since the evidence concerned one criminal episode, in which she was one of the victims. *People v. McGregor*, 635 P.2d 912 (Colo.App.1981).

## III.

■ Defendant's argument that this court adopt the California definition of asportation requiring significant movement

of the victim as an element of kidnapping, *see People v. Brown*, 11 Cal.3d 784, 114 Cal.Rptr. 426, 523 P.2d 226 (1974), is without merit. The definition which must be followed here is set out in *Yescas v. People*, 197 Colo. 379, 593 P.2d 358 (1979), which requires some movement which substantially increases the risk of harm to the victim. In this case, the facts provide a substantial factual predicate for the charge, and the trial court's rulings on this issue were correct.

## IV.

We also reject defendant's contentions as to the prejudicial nature of the post-autopsy photograph of the decedent which was admitted. Photographs of the victim in homicide cases will not be excluded unless their potential prejudicial effect "far outweighs" their probative value. *People v. White*, 199 Colo. 82, 606 P.2d 847 (1980); *People v. Sepeda*, 196 Colo. 13, 581 P.2d 723 (1978). The trial court's ruling on this issue will not be disturbed, since the photograph was admitted to show the range at which the fatal shot was fired.

The judgments of conviction are affirmed.

PIERCE and BERMAN, JJ., concur.