The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Evan Dean JOHNSON, Defendant-Appellee.

No. 84SA61.

Supreme Court of Colorado, En Banc.

June 4, 1984.

Stanley C. Peek, District Attorney, Kenneth R. Storck, Deputy District Attorney, Greeley, for plaintiff-appellant.

Hyatt Legal Services, Roger P. Barrick, Northglenn, for defendant-appellee.

PER CURIAM.

The prosecution challenges an order of the Weld County District Court suppressing a statement of the defendant, Evan Dean Johnson.[1] We affirm.

■ This case was before us earlier in *People v. Johnson*, 671 P.2d 958 (Colo.

---

**1.** This is an interlocutory appeal pursuant to C.A.R. 4.1.

1983). There the prosecution challenged the trial court's suppression of an admission by the defendant that, "I guess I might as well tell you, I did it." The defendant had been contacted at his place of employment by an investigator from the Weld County Sheriff's office. The investigator asked him to step outside where she showed him her identification and told him she wanted to discuss a burglary. The admission was made in response to the investigator's request that the defendant take a polygraph examination. In *Johnson*, which contains a detailed statement of the facts, we reversed the suppression ruling and remanded for a determination of whether the defendant was in custody, and hence, entitled to a *Miranda* warning at the time the statement was made.[2]

On remand, the trial court was to determine " 'whether under the circumstances a reasonable man would believe himself to be deprived of his freedom in any significant way.' " 671 P.2d at 961 (quoting *People v. Algien*, 180 Colo. 1, 7, 501 P.2d 468, 471 (1972). *See also People v. Pancoast, Jr.*, 659 P.2d 1348 (Colo.1982); *People v. Parada*, 188 Colo. 230, 533 P.2d 1121 (1975); *People v. Marioneaux*, 44 Colo.App. 213, 618 P.2d 678 (1980). We also set out the factors necessary to make the determination of whether there was custodial interrogation.

 On remand the trial court again suppressed the admission. We are now asked to decide whether the trial court made sufficient findings of fact to support its conclusion that the defendant was in custody at the time the statement in question was made. At the hearing on remand

the trial court found that the defendant "reasonably believed himself to be deprived of his freedom in a significant way." The trial court also made detailed findings of fact as to the factors it weighed in reaching its decision.[3] The trial court's findings must be sustained when supported by the record. *People v. Johnson*, 653 P.2d 737 (Colo.1982).

Accordingly, the suppression order is affirmed.

---

**2.** Prior to custodial interrogation an accused person must be advised his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**3.** The trial court found the conduct of the investigator was not such as to indicate to a reasonable person that he was in custody, with the exception, however, of the question regarding the polygraph exam and stated:

All but the specific question that we are dealing with was not coercive, ...

. . . .

Would a reasonable man responding to a specific question about a polygraph asked immediately following a prior questioning, saying, "Do you know anything about the incident?" "No." "Would you take a polygraph?" It seems very clear to the court that that is so contradictory to what the man, who has answered, says. It's virtually saying you're a liar, I disagree, I don't believe you, and you better prove it sic by a polygraph that which you have just said. That would be my interpretation and is the basis of my ruling.