The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Rocky Leigh LYTLE,
Defendant-Appellant.

No. 83CA0802.

Colorado Court of Appeals,
Div. I.

June 27, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Matthew L. Goldsmith and Karen A. Chaney, Deputy Public Defenders, Denver, for defendant-appellant.

STERNBERG, Judge.

Following a trial to the court, the defendant, Rocky Lytle, was convicted of burglary and theft. He appeals contending that his confession was involuntary and should have been suppressed. We reverse.

The police received an anonymous phone call implicating the defendant and a juvenile, one "Darby," in the burglary of a church. The police contacted the defendant's parents, and later that day the defendant went to the police station with his parents. The defendant was advised of his *Miranda* rights, and was then interrogated for over two hours about church burglaries the police were investigating.

The trial court found that, during the questioning, the session became "heated." It further found that the police told the defendant they knew he was "lying through his teeth," and that "things would go badly" for him, *i.e.*, "the law would be out to get him," if he did not cooperate, but if he confessed, things would go in his favor, as "word would be gotten to the judge, and not just to the probation department or the district attorney."

Also, it is uncontested that the police told the defendant that if convicted he would "go down the tubes" (to prison) for eight years; that defendant would have to declare bankruptcy, and would not even be able to get a credit card for seven years;

but that the juveniles involved would get off free.

As this session ended, and the defendant and his parents were preparing to leave, one of the officers said that he had spoken with Darby. At that point, according to the defendant, he decided to confess to the burglary of a cemetery because, "when I came out in the hall and then started thinking about all those years and then I thought, well, I better tell them what I know." The defendant told the police that he and two others had taken miscellaneous items, including a chainsaw, a case of oil, antifreeze, and transmission fluid, from the storage area of a chapel in a cemetery where he and Darby worked. He denied involvement in any other burglaries.

Despite its findings that the police promised to talk to the judge, threatened that things would go badly for the defendant, and misrepresented that he would spend years in prison if he did not confess, the court found that the confession was voluntary because defendant was not "overcome," or he would have confessed to the other burglaries he was questioned about, and not just to theft from the chapel at the cemetery. Further, the court found that the parents' urging the defendant to "tell the truth" when the interview was breaking up, was an "independent and equally sufficient" cause of the confession, rendering it voluntary. This finding of voluntariness is unsupported by the record, and is contrary to the applicable law.

■ A confession is admissible only if it is voluntary, and was not obtained by any direct or implied promises, however slight, or by the exertion of any improper influence. *People v. Freeman,* 668 P.2d 1371 (Colo.1983); *People v. Quintana,* 198 Colo. 461, 601 P.2d 350 (1979). The determination of whether the statement is voluntary must be based upon the totality of the circumstances, including the presence or absence of official misconduct. *People v.*

*Raffaelli,* 647 P.2d 230 (Colo.1982); *People v. Quintana, supra.* Although we are bound by the trial court's factual findings when they are supported by adequate evidence in the record, *People v. Freeman, supra; Gimmy v. People,* 645 P.2d 262 (Colo.1982), we may not ignore uncontradicted credible evidence in the record that is contrary to the court's decision. *People v. Freeman, supra.*

■ Our review of the record, and the court's own findings, indicate there is uncontradicted credible evidence that the conduct of the police, by their promises, threats, and misrepresentation of the applicable penalty for defendant's acts, induced the defendant's confession. The court's finding that the circumstance of the termination of the interview, coupled with the parents' comment to "tell the truth," was an equally sufficient cause for the confession, is based totally on speculation, and not on credible evidence in the record. Therefore, because the court's own findings of fact indicate involuntariness, and there is no evidence to support a finding that defendant's confession was made independently of any coercion or misconduct of the police, the confession should have been suppressed.

The defendant's other contentions of error stem from the erroneous finding of a voluntary confession, and are unlikely to occur on retrial. Therefore, we decline to address them here.

The judgment is reversed, and the cause is remanded for a new trial consistent with the views expressed herein.

PIERCE and BERMAN, JJ., concur.