MR. JUSTICE ERICKSON
delivered the opinion of the Court.
This interlocutory appeal was taken after an order was entered suppressing a statement made by the defendant, Joseph A. Costa. At the time the statement was made, the defendant had been charged with theft and was confined in jail because of his failure to make bail. At a bail reduction hearing, the defendant asserted that he had not committed the theft in issue.
While the defendant was in jail awaiting trial on the theft charge, he apparently obtained information which he believed he could use to obtain a reduction in the amount of his bail. He asked his counsel, who had not been paid, to arrange for a meeting with the district attorney. Since defense counsel had not been paid, he arranged for the meeting, but elected not to appear. The district attorney gave the defendant a warning which fell short of the standards set out in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). It is conceded that the defendant was not advised that counsel would be appointed for him if he could not afford to employ counsel.
In the course of the meeting with the district attorney, the defendant attempted to bargain for his release with the information which he obtained while he was in jail. After the district attorney evaluated the defendant’s disclosures and determined that the information was valueless, the defendant sought to talk about his own case. In the course of discussing the theft charges, he made admissions which the district attorney now seeks to use, not only to prove the theft charge, but also to support charges contained in a new five-count indictment.[1]
The defendant has a long criminal record and a history of serious psychiatric disorders. After a full evidentiary hearing, the trial judge made findings of fact and conclusions of law and suppressed the statements. The trial judge found that the district attorney failed to include in his advisement the defendant’s right to have counsel appointed if he could not afford to employ counsel and also found that the defendant met with the-district attorney without counsel because he could not afford counsel. The trial judge also concluded that the statements made by the defendant to the district attorney were not voluntarily, intelligently, and knowingly made. The trial judge found that the district attorney failed to sustain the burden *388 of proof which was cast upon him if the statement was to be admitted. People v. Smith, 179 Colo. 413, 500 P.2d 1177 (1972); Leggo v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972) (preponderance of the evidence).
A factual determination as to the voluntariness of the statements must be based on the totality of the circumstances. Tanner v. Vincent, 541 F.2d 932 (2d Cir. 1976).
There was evidence to support the trial judge’s findings, and we will not substitute our judgment for that of the trial judge. People v. Pineda, 182 Colo. 385, 513 P.2d 452 (1973); see also Brewer v. Williams, 45 U.S.L.W. 4287 (U.S. March 23, 1977).
Accordingly, the ruling of the trial court is affirmed.
MR. JUSTICE KELLEY concurs in the result.
MR. JUSTICE CARRIGAN does not participate.

After the meeting was concluded, the district attorney obtained a five-count indictment against the defendant charging perjury in the first degree (section 18-8-502, C.R.S. 1973) and four habitual criminal counts (section 16-13-101, C.R.S. 1973).