633 P.2d 474 (1981)
The PEOPLE of the State of Colorado, Petitioner-Appellant,
In the Interest of M.R.J., A Child, Respondent-Appellee, and concerning
C.J., R.J., Respondents.
No. 81SA194.
Supreme Court of Colorado, En Banc.
September 8, 1981.
*475 Dennis E. Faulk, Dist. Atty., Roger B. Larsen, Deputy Dist. Atty., Canon City, Steven B. Rich, Deputy Dist. Atty., Fairplay, for petitioner-appellant.
William Fox, Canon City, for respondent-appellee.
ERICKSON, Justice.
This is an interlocutory appeal by the prosecution from an order suppressing certain confessions and statements made by M.R.J., a juvenile, to police officers. C.A.R. 4.1.[1] The trial court found that the Miranda advisements given to M.R.J. were deficient, and that the prosecution did not prove beyond a reasonable doubt that M.R. J.'s confessions and statements were made voluntarily. We reverse and remand with directions.
The petition in delinquency alleged that M.R.J., who is thirteen years old, committed the offenses of second degree burglary,[2] felony theft,[3] and first-degree arson.[4] Prior to trial, M.R.J. moved to suppress confessions and statements which he had previously made. The evidence at the suppression hearing established the following sequence of events.
M.R.J. was taken into temporary custody for theft of a belt buckle on January 31, 1981. He was handcuffed and taken to the Canon City Police Department where he was locked in a detaining room. The police immediately contacted his parents, who arrived at the police station shortly thereafter. An officer informed M.R.J. and his parents that he had the right to remain silent, that anything he said may be used as evidence against him in court, that he had the right to talk to a lawyer before questioning, and that if he could not afford a lawyer, one would be appointed for him before questioning. M.R.J. agreed to answer the police officers' questions, and both he and his parents signed a Juvenile Advisement and Statement Form indicating *476 that they understood and waived M.R.J.'s constitutional rights.
Thereafter, an officer questioned M.R.J., in the presence of his parents, about the theft of the belt buckle and two other crimes. Subsequently, three to five police officers questioned him about an incident involving arson, burglary, and theft at the "Art Works" in Canon City, Colorado. M.R.J. denied involvement in the offenses which were committed at the Art Works. However, during the interrogation of M.R.J. about the Art Works, one of the police officers obtained the parents' consent to talk to M.R.J. alone. Thereafter, outside the presence of his parents, M.R.J. admitted his involvement in the Art Works incident. After informing the parents that M.R.J. had confessed, the officer restated M.R.J's constitutional rights before he made a formal statement. The trial court suppressed the statements regarding the Art Works incident and all subsequent confessions relating to the offenses which occurred at the Art Works as fruits of the poisonous tree.

I.
The trial court found that the Miranda advisements given M.R.J. were deficient in two respects: First, the officer advised M.R.J. that his statements "may" be used against him, as opposed to "will" be used against him; and second, neither M.R.J. nor his parents were advised that they had the right to terminate the questioning at any time.
Section 19-2-102(3)(c)(I), C.R.S. 1973 (1978 Repl. Vol. 8), provides:
"No statements or admissions of a child made as a result of interrogation of the child by a law enforcement official concerning acts alleged to have been committed by the child which would constitute a crime if committed by an adult shall be admissible in evidence against that child unless a parent, guardian, or legal custodian of the child was present at such interrogation and the child and his parent, guardian, or legal custodian were advised of the child's right to remain silent, that any statements made may be used against him in a court of law, the right of the presence of an attorney during such interrogation, and the right to have counsel appointed if so requested at the time of the interrogation; except that, if a public defender or counsel representing the child is present at such interrogation, such statements or admissions may be admissible in evidence even though the child's parent, guardian, or legal custodian was not present."
Section 19-2-102(3)(c)(I) codifies the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), with the added requirement that a juvenile has the right to have an adult present at the time of the interrogation. Section 19-2-102(3)(c)(I) does not require that a juvenile be warned that his statements "will" be used against him, or that a juvenile be advised that he has the right to terminate the questioning at any time. Miranda, supra, is also silent as to a requirement that a defendant be warned that he has the right to terminate the questioning at any time. People v. McCrary, 190 Colo. 538, 549 P.2d 1320 (1976). Moreover, an equivalent of the Miranda warnings, as opposed to a verbatim recital of the words used in the Miranda opinion, adequately advises an individual of his constitutional rights. California v. Prysock, ___ U.S. ___, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981). Since the advisements given M.R.J. were in compliance with section 19-2-102(3)(c)(I) and with Miranda, supra, the trial court erred in holding that the advisements were deficient.

II.
Confessions, admissions, and statements are not admissible into evidence for any purpose unless they are made voluntarily. People v. Parada, 188 Colo. 230, 533 P.2d 1121 (1975). Whether statements obtained during custodial interrogation are admissible depends upon the totality of the circumstances surrounding the interrogation. Fare v. Michael C., 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979). Primary factors to be considered are the juvenile's *477 age, experience, background, and intelligence, his capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights. Id. Once the issue of voluntariness has been raised, the prosecution has the burden of establishing by a preponderance of the evidence that the statements were made voluntarily. Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); People v. Smith, 179 Colo. 413, 500 P.2d 1177 (1972). See also, People v. Costa, 193 Colo. 386, 566 P.2d 366 (1977); People v. McCrary, 190 Colo. 538, 549 P.2d 1320 (1976); People v. Masson, 185 Colo. 65, 521 P.2d 1246 (1974); People v. Shearer, 181 Colo. 237, 508 P.2d 1249 (1973).
The trial court found numerous indications of coercion from which it concluded that M.R.J.'s statements and confessions were not made voluntarily.[5] As a general rule, we uphold a trial court's findings of fact on voluntariness if the findings are supported by adequate evidence in the record. People v. Pineda, 182 Colo. 385, 513 P.2d 452 (1973). In this case, however, the trial court erred in applying the wrong standard of proof by holding that the prosecution was required to prove beyond a reasonable doubt that the statements and confessions were voluntary. The proper standard of proof to measure voluntariness is by a preponderance of the evidence. Lego v. Twomey, supra. It is not clear from the record whether the trial court would have found the statement to be involuntary under the preponderance of the evidence standard.
Accordingly, we reverse the trial judge's order suppressing the statements and confessions made by M.R.J. We remand this case to the district court for further proceedings consistent with this opinion.
NOTES
[1] Respondent, M.R.J., asserts that an interlocutory appeal is unavailable in a delinquency proceeding. We disagree. C.R.J.P. 1 provides: "Proceedings in delinquency shall be conducted in accordance with the Colorado Rules of Criminal Procedure...." C.R.C.P. 41.3 states that interlocutory appeals from the district court are governed by the Colorado Appellate Rules. C.A.R. 4.1(a) provides that "[t]he State may file an interlocutory appeal in the supreme court from a ruling of a district court granting a motion made in advance of trial by the defendant ... to suppress an extra-judicial confession or admission...." See People v. L.A., Colo., 609 P.2d 116 (1980).
[2] Section 18-4-203, C.R.S. 1973 (1978 Repl. Vol. 8).
[3] Section 18-4-401, C.R.S. 1973 (1978 Repl. Vol. 8).
[4] Section 18-4-102, C.R.S. 1973 (1978 Repl. Vol. 8).
[5] The trial court considered several factors in reaching its conclusion that the statements and confessions were involuntary. Some of those factors were the length of the interrogation (three hours), the police officers shouting at M.R.J., and the fact that the confession to the Art Works crimes was first obtained outside the presence of M.R.J.'s parents. Accordingly, we express no opinion on the issue of whether a juvenile and/or his parents can waive the right of the parent to be present during custodial interrogation. See People v. L.A., Colo., 609 P.2d 116 (1980) n.2.