## No. 25596

### The People of the State of Colorado v. John Leroy Medina a/k/a John Medina
(501 P.2d 1332)

Decided October 24, 1972.

Carl Parlapiano, District Attorney, Cecil L. Turner, Chief Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kirk P. Brown, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an interlocutory appeal from an order of the district court in Pueblo County granting defendant Medina's motion to suppress a statement made by him to interrogating officers following his arrest on the ground of improper inducement.

Defendant was arrested by Sergeant F. E. Grubb based on the information given by Connie Nadine Espinoza that defendant had raped her on the night of February 6, 1972. At the time of his arrest, defendant was fully advised as to his rights. Later and prior to making any statement, defendant had a discussion with Officer Grubb concerning the defendant's willingness to take a lie detector test. In connection therewith defendant claims he was informed that if he took the test he might be released. Subsequent to this, defendant took the test and made inculpatory remarks to Officer Grubb and later to Officer Bravo.

At the hearing on the motion to suppress, the trial court found that Grubb's statement to the defendant was a sufficient inducement to cause the defendant to make the statement sought to be used against him. A subsequent statement made to Officer Bravo was held by the court also to be tainted and therefore involuntary.

The defendant argues that the trial court found that there was sufficient inducement to make the defendant's state-

ments involuntary and that finding was supported by competent evidence in the suppression hearing, and that therefore this court should not reverse the decision of the trial court.

It has long been the law, so fundamental that citation of authority is not required, that findings of fact are not ordinarily disturbed on appeal if they are supported by competent evidence. Applying this principle to the instant case, we note that the record and findings of the lower court fully support the trial court's decision to suppress the statement.

Ruling affirmed.

MR. JUSTICE GROVES not participating.