### No. 25976

**The People of the State of Colorado v. Earl Lloyd Pineda**
(513 P.2d 452)

Decided August 27, 1973.

J. E. Losavio, Jr., District Attorney, Donald M. Hoerl, Deputy, James R. Guelin, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Mary G. Allen, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This is an interlocutory appeal. Pending trial on a charge of assault in the first degree, defendant Pineda filed a motion to suppress two inculpatory statements. After a hearing, the trial court granted the motion. The district attorney, on behalf of the People, appeal. We affirm the trial court's ruling.

After being advised of his constitutional rights, the defendant made two statements to different interrogating police officers on December 17, 1972. The trial court found that these statements were induced by an implied promise by Officer Avery to the defendant that the defendant would receive some leniency in exchange for a confession.

The trial court's findings of facts on the voluntariness of a confession will be upheld by this court on review if supported by adequate evidence in the record. *People v. Medina,* 180 Colo. 56, 501 P.2d 1332 (1972); *Gould v. People,* 167 Colo. 113, 445 P.2d 580 (1968).

Officer Avery testified that he told the defendant ". . . that it would be easier for us to work on and also himself if he would tell us exactly what had happened." The defendant testified that Officer Avery "told me that it would be easier on me and him if we told him, if we confessed it happened." The trial court found that this testimony revealed an implied promise which rendered the subsequent statements of the defendant involuntary. *People v. Medina, supra.* The trial court's finding being thus supported by the record must be sustained.

The standards governing admissibility of a statement or confession made by one accused of a crime were summarized recently by the United States Supreme Court in *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 1471-72, 25 L.Ed.2d 747 (1970), which held that the admissibility of a confession depends upon whether it was compelled within the meaning of the Fifth Amendment. To be admissible, a confession must be free and voluntary. It ". . . must not be extracted by any sort of threats or violence, *nor obtained by any direct or implied promises, however slight* . . ." (Emphasis added.)

■ Was the second statement made to Sergeant Lutes properly suppressed by the trial court by reason of the taint present in obtaining the first statement? We answer this in the affirmative. The facts in this case are similar to those in *People v. Medina, supra.* In that case, the second statement was given to a second officer almost immediately after the first statement. Here, the first statement was given at 2:05 a.m. on December 17, 1972 to Officer Avery and the second statement was given to Sergeant Lutes at 12:55 p.m. on the same day. During the interim, the defendant was in continuous custody and did not see or speak to anyone except investigating officers.

*People v. Potter,* 176 Colo. 510, 491 P.2d 974 (1971), relied upon strongly by the People to support reversal, is distinguishable on the facts. In *Potter,* an interval of five days separated the two interrogations. The defendant was not in custody nor under arrest during that interval. Furthermore, the trial court in *Potter* found that the interrogating officer of the second confession had independent sources of information which removed the primary taint of the first confession. In no sense was the second questioning a continuation of the first. Here, the second questioning was an integral part of the first, and therefore, the impermissible inducement for the first statement carried over to the second statement. The circumstances under which the second confession was obtained were not "significantly distinguishing to purge it of the original taint." *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Westover v. United States,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Ruling affirmed.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE LEE do not participate.