### No. 27065

### The People of the State of Colorado v. Dennis Lawayne Hutton

(547 P.2d 237)

Decided March 22, 1976.

Alexander M. Hunter, District Attorney, Peter A. Hofstrom, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, G. Paul McCormick, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Defendant Hutton is charged with several counts of burglary, conspiracy and theft. This is an interlocutory appeal by the People from a ruling of the trial court granting defendant's motions to suppress certain evidence seized and statements made at the time of his arrest. We reverse in part and affirm in part.

The charges stem from an alleged burglary of a University of Colorado dormitory room in Boulder, from which a television set and stereo equipment were stolen. An identified witness informed officers that three men had carried electronic equipment from the victim's room to a Buick sedan with a reported license number. The officers learned that the vehicle was registered in defendant's name at a Denver address.

Several hours later the officers arrived at defendant's residence and observed the vehicle in the parking lot next to defendant's apartment building. The vehicle was unoccupied. They then telephoned a fellow officer in Boulder in order to request a search warrant for both the automo-

bile and apartment unit. Meanwhile they returned to the surveillance and discovered defendant behind the driver's wheel departing down an alley. The officers followed in their unmarked vehicle and shortly thereafter pulled up behind the defendant's car after the latter had parked. A pat-down search of defendant as well as a cursory scanning of the interior of the car produced nothing. Defendant was then requested to unlock the trunk, which he did. A television set matching the description of the stolen one was then seen by the officers.

One of the officers asked defendant if the set belonged to him, to which the latter replied "No." In response to further questioning, defendant stated that it probably belonged to an acquaintance of his, but that he did not know how it got into his trunk. (Hereinafter referred to as the first statement.)

At this point defendant was formally placed under arrest[1] and, for the first time, was advised of his *Miranda* rights. On the way to the police station he was questioned further and admitted being in Boulder at the time of the alleged burglary. (Hereinafter referred to as the second statement.)

Two issues are raised in this appeal: whether the trial court erred in granting (1) defendant's motion to suppress evidence seized from the trunk and (2) defendant's motion to suppress the second statement.

## I.

There are two requirements for a warrantless search of an automobile: probable cause and exigent circumstances. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The trial court concluded that the officers had probable cause to search defendant's car at the time that they pulled up behind it. That finding is correct. The court, however, also concluded that no exigent circumstances existed to justify the officers' failure to obtain a warrant. We hold the court was in error.

It would have been totally impractical to obtain a warrant prior to effecting the search under the circumstances confronting the officers and under well-established law the warrant was not required. *People v. Cox*, 190 Colo. 326, 546 P.2d 956; *People v. Haggart,* 188 Colo. 164, 533 P.2d 488 (1975); *People v. Woods*, 175 Colo. 34, 485 P.2d 491 (1971); *People v. Chavez*, 175 Colo. 25, 485 P.2d 708 (1971).

---

[1] The record reflects that the defendant was not free to leave from the time of his first encounter with police.

## II.

■ On the second assertion of error, all parties agree with the trial court's conclusion that the first statement, elicited in response to officers' interrogation prior to a *Miranda* advisement, was not admissible. What the prosecution here challenges is the court ruling that even though the *Miranda* warning had been given, the second statement was likewise inadmissible. The court held it had been obtained under circumstances not sufficiently distinguishable to purge it of the original taint. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

The trial court's findings that the circumstances surrounding the second statement were not significantly different from those surrounding the first has support in the record. The district attorney's reliance on *People v. Potter*, 176 Colo. 510, 491 P.2d 974 (1971),[2] is misplaced. No independent sources of information came to the attention of the officers between the two statements. The search was accomplished *prior* to the first custodial interrogation. The officers should then have advised defendant of his *Miranda* rights before questioning him at all. We do not sanction their failure to do so by allowing into evidence defendant's post-advisement remarks. *See Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *People v. Bates,* 190 Colo. 291, 546 P.2d 491.

In this case the second statement was actually a continuation of the first, made only a few minutes earlier. As one of the officers testified, defendant merely filled in the gaps of his first statement during the second interrogation.

As we noted in *People v. Pineda*, 182 Colo. 385, 513 P.2d 452 (1973), the second statement was

". . . an integral part of the first, and therefore, the impermissible inducement for the first statement carried over to the second statement. . . ."

The second statement was properly ordered suppressed.

The ruling is reversed in part (I) and affirmed in part (II) and remanded to the trial court with directions to proceed with the case in a manner consonant with the views expressed herein.

MR. JUSTICE KELLEY dissents as to part II.

MR. JUSTICE ERICKSON does not participate.

---

[2] In *Potter, supra*, there was an interval of *five days* between the inadmissible first statements and those elicited subsequent to proper advisement.