### No. 79SA231

### The People of the State of Colorado v. Darrell Keith Scott

(600 P.2d 68)

Decided September 24, 1979.

372

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate, for plaintiff-appellant.

Lee Allen Hawke, for defendant-appellee.

*En Banc.*

Per Curiam

This interlocutory appeal by the prosecution was taken from an order of the district court which suppressed the defendant's confession as involuntary. We affirm the trial court's ruling.

On the evening of December 24, 1978, the police responded to a report that a shooting had occurred at 3790 Eudora Street in Denver. The eighteen-year old defendant told the police that his brother had been shot by a person who had just escaped down the alley. Initially, the police searched for the brother's assailants. They soon discovered that a taxi driver had been shot and had died in the taxicab. The taxicab was found in an alley not far from 3790 Eudora which caused the police to refocus their investigation on the defendant and his brothers.

The police subsequently arrested the defendant, advised him of his *Miranda* rights, handcuffed him and confined him to the back of a police car. He was kept there within view of the taxicab for nearly three hours while the police investigated the murder scene. The defendant was interrogated, accused of lying, and berated for not disclosing that the taxi driver had been shot and denied medical attention while the police searched for a non-existent person. The police also offered the defendant certain

inducements to confess, and warned him of the consequences incident to the felony murder doctrine. The defendant eventually confessed, and then was called upon to confess a second time in more detail.

For the defendant's confession to be admissible, it must be voluntary. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). A confession may not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *People v. Parada,* 188 Colo. 230, 533 P.2d 1121 (1975).

The Fifth Amendment warnings against self-incrimination required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), do not necessarily remove the taint of prior illegality. *Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); *People v. Corbett,* 190 Colo. 388, 547 P.2d 1264 (1976); *People v. Medina,* 180 Colo. 56, 501 P.2d 1332 (1972). The combined events and the totality of the circumstances are properly considered by the trial court in determining whether a confession which follows a *Miranda* warning is voluntary. *People v. Corbett, supra.*

After hearing all of the evidence, the trial judge concluded, based upon the totality of the circumstances, that the defendant's confessions were not voluntary, and ordered that the confessions be suppressed. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Duncan v. People,* 178 Colo. 314, 497 P.2d 1029 (1972). On review, we are bound by the trial court's findings of fact where they are supported by adequate evidence in the record. *People v. Pineda,* 182 Colo. 385, 513 P.2d 452 (1973); *People v. Medina, supra; People v. Parks,* 195 Colo. 344, 579 P.2d 76 (1978). We have long recognized that an appellate court is in no position to weight the conflicting testimony presented to the trial court. A cold record is a poor substitute for live testimony.

Here, the trial court's finding that there was sufficient inducement to make the defendant's statements involuntary is supported by the record, and forecloses reversal by this court.

Ruling affirmed.