**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Christopher D. DILL, Defendant–Appellant.**

**No. 93CA0580.**

Colorado Court of Appeals, Div. III.

April 6, 1995.

Rehearing Denied May 4, 1995.

Certiorari Granted Oct. 30, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David Vela, State Public Defender, Thomas M. VanCleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge TAUBMAN.

Defendant, Christopher D. Dill, appeals a judgment of conviction entered upon a jury verdict finding him guilty of sexual assault on a child. We affirm.

In early 1992, defendant was charged with having sexually assaulted his girlfriend's 6-year-old daughter. In January 1992, the victim revealed to her mother, during a conversation in which the mother told her that she should tell the mother if anyone ever abused her, that defendant had sexually assaulted her more than three years earlier.

The victim's mother reported the incident to the police who then interviewed the victim. Subsequently, the victim was examined by a doctor who determined that her physical condition was consistent with her having incurred injuries during a sexual assault several years earlier.

The victim's mother then took her to see a psychologist. During her second session, the victim, using anatomically correct dolls, described to the psychologist how defendant assaulted her. As a result of the first two sessions with the victim, the psychologist prepared a formal report which contained her conclusion that the victim was suffering from post-traumatic stress disorder. The victim continued to see the psychologist for counseling thereafter.

Prior to trial, defendant sought discovery of the psychologist's report, notes, and other statements generated during her counseling sessions with the victim. The trial court denied defendant's motion and also denied his subsequent related motion to exclude the testimony of the psychologist as a sanction for the asserted discovery violations.

Defendant was convicted and this appeal followed.

## I. Discovery of Psychologist's Reports and Notes

Defendant received a copy of the psychologist's formal report from the victim and the notes used to prepare it. However, he contends that the trial court erred in refusing to allow him to examine the psychologist's notes and reports regarding her initial and ongoing counseling sessions with the victim because they might have contained information necessary for him effectively to exercise his right to confrontation or provide exculpatory evidence. We do not agree.

The psychologist-patient privilege has been established by statute, § 13–90–107(1)(g), C.R.S. (1987 Repl.Vol. 6A), as a means, *inter alia*, of protecting sexual assault victims from disclosure of post-assault treatment records. *People v. District Court*, 719 P.2d 722 (Colo.1986). The purpose of the privilege is to aid in the diagnosis and effective treatment of mental illness by encouraging the patient to disclose fully information to the psychologist without fear of embarrassment or humiliation. "[I]t is of paramount importance to assure a victim of sexual assault that all records of any treatment will remain confidential unless otherwise directed by the victim." *People v. District Court, supra*, at 726.

■ Absent a showing by defendant of specific facts which support an assertion that access to the privileged communications of the victim is necessary for the effective exercise of the right to confrontation, the privilege will not be infringed upon. *See People v. District Court, supra.* Further, only the holder of the privilege may waive it and the party seeking to overcome the privilege has the burden of establishing such waiver. *Clark v. District Court*, 668 P.2d 3 (Colo. 1983).

■ When notes generated during meetings between a psychologist and his or her patient are incorporated into a formal report, there is no Crim.P. 16 violation in failing to provide the notes to a defendant. *See People v. Alonzi*, 40 Colo.App. 507, 580 P.2d 1263 (1978), *aff'd*, 198 Colo. 160, 597 P.2d 560 (1979).

Here, defendant sought discovery of the psychologist's formal report, and notes related thereto, from her initial meetings with the victim. However, as noted, defendant had received a copy of the psychologist's formal report and the notes used to prepare it.

■ Relying on *People v. Bowman*, 812 P.2d 725 (Colo.App.1991), defendant argues that since the investigating detective reported· the allegations of sexual abuse of the victim to the department of social services, the victim's psychologist-patient privilege was abrogated by § 19–3–311(1), C.R.S. (1994 Cum.Supp.), which applies to otherwise privileged communications which are the basis for a report of child abuse or neglect. Such reliance on *Bowman*, however, is misplaced. There, the court held, as pertinent here, that the prior version·of this statute only required psychologists to report suspected abuse to appropriate authorities, but the psychologist-patient privilege prohibited them from testifying against their clients without consent.

Moreover, § 19–3–311(1) does not concern communications relating to ongoing treatment of the victim; it abrogates the privilege only with respect. to information that is the basis for a report of suspected child abuse under § 19–3–304, C.R.S. (1994 Cum.Supp.). Accordingly, we conclude that the victim's psychologist-patient privilege afforded to her by § 13–90–107(1)(g) was not abrogated by statute with respect to ongoing treatment. *Cf. People v. Tauer*, 847 P.2d 259 (Colo.App. 1993) (psychologist-patient privilege not waived by, *inter alia*, a communication not in the course of treatment). Thus, the trial court did not abuse its discretion in denying defendant's request for discovery of the privileged communication.

■ Finally, defendant also argues that the psychologist's trial testimony that the victim was suffering from post-traumatic stress in that she had "generalized" the experience with defendant to other relationships with males constituted a waiver of the psychologist-patient privilege. However, as we have previously noted, only the holder of the privilege, the victim here, may waive the privilege. *See Clark v. District Court, supra.*

## II. Independent Physical Examination

Defendant next contends that the trial court erred in denying his request for an independent physical examination of the victim. We disagree.

 A trial court may exercise its discretion to order an involuntary physical examination when a defendant demonstrates a compelling need for the examination. In exercising this discretion, the trial court must balance the possible emotional trauma, embarrassment, or intimidation to a child victim against the likelihood of the examination producing material evidence. *People v. Chard,* 808 P.2d 351 (Colo.1991).

 Further, a trial court's refusal to compel a child to submit to an independent physical examination when the examination could, at best, produce equivocal results concerning defendant's innocence should not be disturbed on review absent a clear showing that the court abused its discretion. *See People v. Chard, supra.*

 Here, defendant argued that an independent physical examination of the victim was necessary because the previous examination had occurred more than three years after the sexual assault had taken place and, therefore, was subject to dispute. Defendant also claimed that there was room for disagreement by medical experts regarding hymenal injury. However, as of the time of the hearing on defendant's motion, which occurred on the last weekday before trial, defendant had not shown the examining doctor's findings to any of his endorsed medical experts. As a result, the trial court determined that defendant had failed to show a compelling need for an independent physical examination of the victim and that cross-examination of the doctor would be adequate to address his testimony.

In addition, defendant also had the opportunity of calling his own experts to cast further doubt on the prosecution's expert's conclusions. Accordingly, our review of the record reveals no abuse of discretion by the trial court in denying defendant's request for an independent physical examination, and consequently, the trial court's determination may not be disturbed on review. *See People v. Chard, supra.*

## III. Defendant's Motion for Mistrial

Defendant next asserts that he was entitled to a mistrial because of testimony by two witnesses who indicated that the victim's accusation against him was believable. We are not persuaded.

 A motion for mistrial is a drastic remedy and should only be granted under circumstances which demonstrate a substantial and undue prejudice to the defendant, and the determination of whether to grant a mistrial rests within the sound discretion of the trial court. *People v. Smith,* 620 P.2d 232 (Colo.1980).

 Generally, opinion testimony that a witness has a truthful character or is believable is admissible only if the witness' truthful character has been placed in issue. However, testimony of an expert in the field of child psychology that a sexual assault victim's symptoms are consistent with post-traumatic stress disorder may be admissible if it assists the jury in determining why the victim acted in a certain way, including delaying reporting the incident. *See People v. Fasy,* 829 P.2d 1314 (Colo.1992).

 Here, the doctor testified that it was his "impression" that the victim's story was "believable." Defense counsel promptly objected to his answer and the trial court sustained her objection. Further, immediately thereafter, the trial court ordered that that portion of the doctor's answer be stricken from the record and instructed the jury to disregard it.

 Absent a showing to the contrary, we must presume that the jury followed the trial court's instruction. *See People v. Truesdale,* 190 Colo. 286, 546 P.2d 494 (1976). Therefore, we conclude that the remedy provided by the trial court was an adequate alternative and that a new trial is not warranted.

 Similarly, defendant argues that he is entitled to a new trial because the psychologist testified, in the context of discussing the criteria for a credible report of sexual

abuse, that she believed that the victim had given a detailed description of what defendant did to her.

Here, the defendant did not object to that portion of the psychologist's testimony at trial. Further, a review of the record leads us to conclude that no error, much less plain error, occurred as a result of the psychologist's testimony. The prosecutor simply asked the psychologist whether the victim gave a detailed statement. The question did not require the witness to give her opinion regarding whether the victim was believable, and thus, the answer did not usurp the jury's fact-finding function on the ultimate issue of the victim's truthfulness or believability. *See People v. Fasy, supra.* Accordingly, we perceive no error.

### IV. Out-of-Court Statements Made By Victim

Defendant next contends that the trial court erred in admitting testimony relating to out-of-court statements made by the victim. Once again, we do not agree.

The trial court held a hearing pursuant to § 13–25–129, C.R.S. (1987 Repl.Vol. 6A) to determine whether the victim's statements regarding the assault made during her initial counseling sessions would be admissible. Subsequently, the trial court considered the statute, made findings, and concluded that the out-of-court statements by the victim had "sufficient safeguards or indications of reliability to meet the requirements of the statute."

 Out-of-court statements introduced for the purpose of proving the truth of the matter asserted therein are generally excluded as hearsay under CRE 802. The admission of such statements may also violate a defendant's right to confrontation under the Sixth and Fourteenth Amendments and Colo. Const. art. II, § 16. *See People v. Dement,* 661 P.2d 675 (Colo.1983).

Section 13–25–129(1), C.R.S. (1987 Repl. Vol. 6A) provides an exception to the general rule excluding hearsay to allow the admission of certain out-of-court statements made by children.

In *People v. Diefenderfer,* 784 P.2d 741 (Colo.1989), the supreme court upheld the constitutionality of § 13–25–129(1), concluding that it satisfied the restrictions of the confrontation clause on the use of hearsay evidence. It interpreted § 13–25–129(1) to require a showing of "sufficient safeguards of reliability" whether or not the declarant is available, as well as corroborative evidence of the act which is the subject of this statement if the declarant is not available. *People v. Diefenderfer, supra,* at 748.

In determining the reliability of a child's statements under § 13–25–129, the supreme court has found the following factors helpful:

(1) whether the statement was made spontaneously;

(2) whether the statement was made while the child was still upset or in pain from the alleged abuse;

(3) whether the language of the statement was likely to have been used by a child the age of the declarant;

(4) whether the allegation was made in response to a leading question;

(5) whether the child or the hearsay witness has any bias against the defendant or any motive for lying;

(6) whether any other event occurred between the time of the abuse and the time of the statement which could account for the contents of the statement;

(7) whether more than one person heard the statement; and

(8) the general character of the child.

*People v. District Court,* 776 P.2d 1083, 1089–90 (Colo.1989).

 In considering these factors, the trial court expressed concern that the statements had not been made close in time to the actual assault but determined that that concern was outweighed by other considerations.

Further, it determined that the victim's out-of-court statements to the victim's psychologist were age-appropriate, that the anatomical dolls were used consistent with the statements, and that there was a logical explanation for the delay in reporting the assault, specifically, threats to the victim. The trial court similarly found that the out-of-

court statements to the victim's mother were age-appropriate, spontaneous, made without any coercion or prompting, and made with corroborating emotional responses and that, therefore, they were reliable.

The trial court also considered out-of-court statements made by the victim to the investigating detective and noted that they were not as spontaneous as the corresponding statements to the victim's mother. However, the court found that the detective's questions were not leading and that the victim's reluctance to speak and her embarrassment further indicated that her responses were reliable. Indeed, the court found the victim's demeanor at that interview to be inconsistent with that of a child "who has cooked up a story through bias or some other malicious motive and wants every opportunity to make these kind of statements to a police officer." The court also found those statements to be age-appropriate.

Despite defendant's claims to the contrary, the record amply supports the findings of the district court, and we conclude that the statements were properly admitted.

Moreover, the fact that the statements were made at a much later date than the assault does not render the statements inadmissible. Determination relating to the remoteness of time is left to the sound discretion of the trial court. *See United States v. Stein,* 437 F.2d 775 (7th Cir.1971); *People v. Geller,* 189 Colo. 338, 540 P.2d 334 (1975).

Finally, the victim testified at trial, further reducing the possibility of a violation of defendant's right to confront an adverse witness. Accordingly, the victim's out-of-court statements were properly admissible. *See People v. Diefenderfer, supra.*

## V. Defendant's Motion for Continuance

Defendant next argues that the trial court abused its discretion in denying his motion for continuance because of alleged prosecutorial discovery violations. We are not convinced.

The granting or denial of a motion for continuance lies within the sound discretion of the trial court. When reviewing a trial court's denial of a motion for continuance, a reviewing court must consider the totality of the circumstances surrounding the request. *Miller v. People,* 178 Colo. 397, 497 P.2d 992 (1972). Further, the regulation of discovery matters lies within the sound discretion of the trial court. *People v. Thatcher,* 638 P.2d 760 (Colo.1982). Thus, unless the denial of the continuance was plainly erroneous, the conviction will not be overturned on appeal. *People v. Lupton,* 652 P.2d 1080 (Colo.App.1982).

At the pre-trial hearing, defendant requested a police report from the Greeley police department regarding the victim's allegations against him. However, the Greeley police department was not the investigating agency, but rather, merely had referred the matter to the Loveland police department which pursued the case. Further, the Loveland police report, which defendant had, incorporated information which was contained in the Greeley police department report. Thus, any error here was harmless.

Further, defendant complains that he was denied discovery of materials relating to the victim's mood swings and statements in which she expressed fear of and hatred for the investigating detective. Defendant complains that such material as well as other details of the sexual assault first became known to him during the pre-trial hearing which concluded three days before trial. However, the trial court determined that such revelations at the pre-trial hearing did not amount to "any discovery violation or other unfairness that would necessitate or even allow a continuance."

Regarding these other alleged discovery violations, we conclude that there was no abuse of discretion here because live testimony of witnesses at a pretrial hearing is likely to produce some new details not contained in written reports, and here, defendant failed to show that any of those materials were previously withheld by the prosecution. *See People v. Thatcher, supra.*

## VI. Jury Instruction to Deliberate Further

Finally, defendant asserts that the trial court erred in instructing the jury to deliber-

ate further after the foreman had indicated that it had encountered some difficulty in reaching a verdict. We reject defendant's contention.

 If it appears that a jury has been unable to reach a verdict, the trial court should ask whether any progress was made toward reaching a unanimous verdict and the likelihood of achieving one after further deliberation. *See People v. Lewis,* 676 P.2d 682 (Colo.1984). Further, the trial court may in its discretion require the jury to continue its deliberations and may give an instruction which informs the jurors that they have a duty to consult with one another with a view of reaching an agreement if it can be done without violence to individual judgment. A jury should be discharged by the trial court without having reached a verdict only if it appears to the court that there is no reasonable probability of agreement. *Allen v. People,* 660 P.2d 896 (Colo.1983).

Here, the trial court received a letter from the foreman of the jury after six hours of deliberation which stated: "We, the jury, are unable to reach a verdict...." As a result, the trial court questioned the jury as to its degree of probability that it would not be able to reach a verdict.

The foreman told the court that the jurors were not as deadlocked as the court had inferred from his note and that there was some possibility that they could reach a verdict. In addition, another juror specifically requested that the court allow the jury a few more hours to deliberate. Accordingly, the trial court instructed the jury to continue its deliberations, reciting nearly verbatim the model instruction stated in *Allen. See also* III ABA, Standards for Criminal Justice, Standard 15–4.4, (1978) (Commentary on Standard 15–4.4(b)).

The instruction here was not coercive and did not deny defendant a fair trial, but rather, was a proper exercise of the trial court's discretion to motivate the jury to reach a

verdict. Therefore, we will not disturb the verdict upon review.

Accordingly, the judgment is affirmed.

HUME and PIERCE,* JJ., concur.